# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

ARACELLY MENA DOMINGUEZ,                Case No. 18-SC-1594 (DWF/DTS)

                        Plaintiff,

v.                                      **REPORT AND RECOMMENDATION**
                                        **(<u>SEALED</u>)**
FAMILY COURT DIST. 4 and SCOTT
T. DEWEY,

                        Defendants.

---

Plaintiff Aracelly Mena Dominguez has been involved in protracted and antagonistic child-custody proceedings with defendant Scott T. Dewey in state court. Those proceedings cannot easily be summarized, but as relevant to this lawsuit, Dewey in 2017 was awarded sole physical and sole legal custody of the couple's minor child, subject to Mena Dominguez's right to supervised parenting time. *See* ECF No. 1-3 at 1-10 (summarizing procedural history of state-court litigation). Following that determination, Mena Dominguez (acting through counsel) filed a motion to amend to amend the order that was deemed by the state court as an impermissible and therefore frivolous motion for reconsideration. *Id.* Mena Dominguez nevertheless persisted in prosecuting the motion. On March 29, 2018, Mena Dominguez was sanctioned by the state court, with several restrictions placed on Mena Dominguez's ability to file pleadings, motions, and related papers while acting pro se. *Id.* at 9.

Two months later, Mena Dominguez brought his sealed action against Dewey and the Minnesota court system. *See* ECF No. 1-1 (complaint). As an initial matter, although the complaint and accompanying documents do contain sensitive information about the child-custody proceedings (including the name and medical records of the child), that information can be made unavailable to the public at large through measures less restrictive than sealing of this case in its entirety. Indeed, despite her initial request that this case be sealed [ECF No. 3], Mena Dominguez herself has since asked that only the "statement of the case" remain restricted [ECF No. 4]. This is a more reasonable approach, and the one that this Court recommends. This action should be unsealed, while docket numbers 1 (including subparts) and 2 should remain restricted to the parties and the Court.

Turning now to the merits of this litigation: Mena Dominguez did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. Mena Dominguez qualifies financially for IFP status, but an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual

2

allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The complaint is not a model of clarity.[1] That said, it appears that Mena Dominguez is bringing essentially two sets of claims in this litigation. First, she claims that Dewey perjured himself during the child-custody proceedings, and she seeks to have the orders entered in those proceedings vacated as a result. Second, Mena Dominguez asks that any appeal from the state-court proceedings be located in federal court rather than in state court.

---

[1] A comment by one of the state-court judges who presided over the underlying proceedings is apt: "[Mena Dominguez] is unable to effectively organize her thoughts and evidence in a manner reasonably calculated to further her position. . . . As [her] former counsel . . . wrote in a letter to the court: 'It is maddening to be given boxes of paper that say almost nothing and have to guess at what [Mena Dominguez] means by what she says.'" ECF No. 1-3 at 7. This Court has faced much the same challenge.

The second of those sets of claims is squarely foreclosed by the *Rooker-Feldman*[2] doctrine, which "deprives federal courts of jurisdiction in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments.'" *Banks v. Slay*, 789 F.3d 919, 922 (8th Cir. 2015) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)). Put plainly, a litigant may not appeal a non-habeas action from state court to federal district court. If Mena Dominguez believes that the orders, rulings, and judgments entered in state court were erroneous, she may seek review with the Minnesota appellate courts. This Court, however, may not sit in appellate judgment of those decisions.

The claims against Dewey also fail. As a private actor, Dewey cannot be held liable for alleged violations of Mena Dominguez's constitutional rights under 42 U.S.C. § 1983 unless he can be found to have willfully participat[ed] in joint activity with the State or its agents. *See Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). Nothing in the complaint or accompanying documents suggests, even if Dewey could be found to have acted wrongfully, that Dewey conspired or entered into a meeting of the minds with the state in effecting his plan. Mena Dominguez cannot prosecute Dewey for alleged violations of federal criminal law. No other source of federal law is implicated by the complaint. And to the extent that Mena Dominguez's claims depend upon state law rather than federal law, she has not established that the

---

[2] *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923).

parties are of diverse citizenship, *see* 28 U.S.C. § 1332(a), and the Eighth Circuit has instructed district courts to not exercise supplemental jurisdiction over state-law claims where, as recommended here, all federal claims are dismissed prior to trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).

For these reasons, it is recommended that this action be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.  This action be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.  Plaintiff Aracelly Mena Dominguez's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

3.  Mena Dominguez's motion to seal case [ECF No. 3] be DENIED.

4.  This matter be UNSEALED.

5.  Dominguez's motion to seal the statement of the case [ECF No. 4] be GRANTED.

6.  ECF Nos. 1 & 2 and all exhibits to those entries be restricted with access available only to the parties and the Court.

Dated: August 15, 2018

*s/ David T. Schultz*
David T. Schultz
United States Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).